**NOT FOR PUBLICATION**

**FILED**

MAY 21 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30125 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00188-TOR |
| v. | |
| JOSE MIRANDA-JIMENEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, Chief District Judge, Presiding

Submitted May 16, 2019**
Seattle, Washington

Before: O'SCANNLAIN and FRIEDLAND, Circuit Judges, and PAULEY,***
District Judge.

Jose Miranda-Jimenez appeals the district court's denial of his motion to

suppress drug evidence seized following a traffic stop. Miranda-Jimenez pleaded

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable William H. Pauley III, United States District Judge for
the Southern District of New York, sitting by designation.

guilty to possession with intent to distribute methamphetamine and heroin in violation of the Controlled Substances Act, 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i), (b)(1)(A)(viii). The district court sentenced him principally to a mandatory minimum term of 120 months of imprisonment. We affirm.

We review the district court's underlying findings of fact for clear error. *United States v. Camou*, 773 F.3d 932, 937 (9th Cir. 2014). "Review under the clearly erroneous standard is significantly deferential, requiring for reversal a definite and firm conviction that a mistake has been committed." *United States v. Perkins*, 850 F.3d 1109, 1115 (9th Cir. 2017) (quoting *United States v. Elliott*, 322 F.3d 710, 714 (9th Cir. 2003)). The district court's credibility determinations are given "special deference." *United States v. Craighead*, 539 F.3d 1073, 1082 (9th Cir. 2008). The district court found the arresting officer credible and his testimony "truthful, accurate, [and] complete" during the evidentiary hearing. His body camera footage and the testimony of his supervising officer corroborated his account. Miranda-Jimenez offered no witnesses or evidence to the contrary. Accordingly, we find no error in the district court's factual findings, which were in accord with the arresting officer's account.

We review a district court's denial of a motion to suppress de novo. *United States v. Song Ja Cha*, 597 F.3d 995, 999 (9th Cir. 2010). First, we reject Miranda-Jimenez's argument that the initial stop was unconstitutional. A traffic stop

"constitutes a 'seizure' under the Fourth Amendment, . . . [so] an official must have individualized 'reasonable suspicion' of unlawful conduct to carry out such a stop." *Tarabochia v. Adkins*, 766 F.3d 1115, 1121 (9th Cir. 2014) (quoting *Whren v. United States*, 517 U.S. 806, 809–10 (1996)). Reasonable suspicion exists if, under the totality of the circumstances, "specific, articulable facts . . . together with objective and reasonable inferences" suggest that the detainee is engaged in criminal activity. *United States v. Lopez-Soto*, 205 F.3d 1101, 1105 (9th Cir. 2000) (quoting *United States v. Michael R.*, 90 F.3d 340, 346 (9th Cir. 1996)).

When he initiated the traffic stop, the arresting officer could not see Miranda-Jimenez's temporary tag, even with the aid of several high-powered lights. Therefore, the arresting officer had a reasonable suspicion that Miranda-Jimenez had violated Wash. Rev. Code § 46.16A.305(2)(b), which requires that a temporary license plate be displayed "where it is visible from outside of the vehicle." And the temporary tag did not come into view until the arresting officer approached the driver's side of the vehicle on foot. Based on his experience, the officer then concluded that the vehicle's windows were likely improperly tinted in violation of Wash. Rev. Code § 46.37.430(5)(a). The officer's mistake as to the visibility of the temporary tag was reasonable under the circumstances and did not negate the justification for the stop. *Heien v. North Carolina*, 135 S. Ct. 530, 536 (2014). And the officer's initial exchanges with Miranda-Jimenez—namely,

3

explaining the traffic-related reason for the stop, asking Miranda-Jimenez where he was traveling, and requesting his license and registration—were permissible, "ordinary inquiries incident to [the traffic] stop." *Rodriguez v. United States*, 135 S. Ct. 1609, 1615 (2015) (alteration in original) (quoting *Illinois v. Caballes*, 543 U.S. 405, 408 (2005)).

Second, we find no constitutional violation in the officer's expansion of the traffic stop. "A [traffic stop] that is justified solely by the interest in issuing a warning ticket to the driver can become unlawful if it is prolonged beyond the time reasonably required to complete that mission." *Illinois v. Caballes*, 543 U.S. at 407. However, "an officer may prolong a traffic stop if the prolongation itself is supported by independent reasonable suspicion." *United States v. Evans*, 786 F.3d 779, 788 (9th Cir. 2015).

Here, the arresting officer testified that once he spoke to Miranda-Jimenez, he became suspicious that Miranda-Jimenez was intoxicated. The officer pointed to specific and articulable facts that underscored his belief—namely, Miranda-Jimenez's bloodshot eyes, his disjointed and incoherent responses to the officer's basic questions, and his decision to roll down the window only partially, which, in the officer's experience, suggested that he was concealing the odor of an intoxicant. Moreover, Miranda-Jimenez was evasive. First, he claimed he could not respond because he did not speak English, and then refused to answer the

4

officer's basic questions when they were posed in Spanish. These observations amply justified the officer's expanded investigation into whether Miranda-Jimenez was driving under the influence. And the officer's suspicion of independent criminal activity was reinforced when he observed a "white chalky substance" in plain view on the passenger seat that he believed to be cocaine. The fact that the substance was later determined to be powdered donut sugar does not negate the officer's reasonable suspicion at the time. *Liberal v. Estrada*, 632 F.3d 1064, 1077 (9th Cir. 2011).

Third, we reject Miranda-Jimenez's contention that his arrest and the search incident to his arrest were unconstitutional. "Under the Fourth Amendment, a warrantless arrest requires probable cause . . . [which] exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the [arrestee]." *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007) (citing *Michigan v. Summers*, 452 U.S. 692, 700 (1981)).

Here, as part of his investigation into Miranda-Jimenez's possible intoxication and drug possession, the arresting officer asked Miranda-Jimenez at least half a dozen times to step out of the vehicle, which was a permissible exercise of his authority. *Maryland v. Wilson*, 519 U.S. 408, 410 (1997). Miranda-Jimenez refused to comply with the officer's repeated requests and "made it impossible for

[the officer] to carry out [his] duty." *Lassiter v. City of Bremerton*, 556 F.3d 1049, 1053 (9th Cir. 2009). Accordingly, the officer had probable cause to arrest Miranda-Jimenez for obstruction under Wash. Rev. Code § 9A.76.020, which prohibits the taking of "(1) an action or inaction that hinders, delays, or obstructs the officers; (2) while the officers are in the midst of their official duties; (3) [where] the defendant knows the officers are discharging a public duty; [and] (4) [where] the action or inaction is done knowingly." *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1098 (9th Cir. 2013) (quoting *Lassiter*, 556 F.3d at 1053). The justification for the arrest only increased when Miranda-Jimenez physically obstructed the officer's efforts to open the car door.

A police officer may conduct a warrantless search of "the arrestee's person and the area within his immediate control" incident to an arrest. *Davis v. United States*, 564 U.S. 229, 232 (2011) (citation and quotation marks omitted). This search is justified "as a means to find weapons the arrestee might use or evidence the arrestee might conceal or destroy." *United States v. Caseres*, 533 F.3d 1064, 1070 (9th Cir. 2008) (citation omitted). Here, the search of Miranda-Jimenez's person incident to his arrest was proper, and the drug evidence found in his pocket was lawfully obtained. Finally, because we conclude that the arrest was lawful, Miranda-Jimenez's argument that the later search of his vehicle should be suppressed as fruit of an unlawful arrest necessarily fails.

6

Each step—from the traffic stop to the arrest and subsequent searches—complied with the protections of the Fourth Amendment.

**AFFIRMED.**